(April 19, 1983)

1 In the Matter of LILLIAN LISS, Appellant, v ANTHONY SADOWSKI et al., Respondents; DAVID KAPLAN, Respondent-Respondent. — Appeal from a judgment of the Supreme Court, Kings County (Hirsch, J.), dated March 21, 1983, which, *inter alia,* dismissed the proceeding to validate a petition designating Lillian Liss as a candidate in the Community School Board election in Community School District No. 15 to be held on May 3, 1983. Judgment affirmed, without costs or disbursements (see *Matter of Higby v Mahoney,* 48 NY2d 15; Education Law, § 2590-c, subd 6, par [31]). Lazer, J. P., O'Connor and Bracken, JJ., concur.

Brown, J., dissents and votes to reverse the judgment and validate the designating petition, with the following memorandum: In my view the designating petition at bar should not have been declared invalid. This matter is distinguishable on its facts from *Matter of Higby v Mahoney* (48 NY2d 15), relied upon by the majority. Here, unlike *Higby,* there was no omission of the subscribing witness' election or assembly district. Rather, what we have at bar is simply a case in which the subscribing witness — the candidate's husband — inadvertently transposed the election and assembly district numbers of his otherwise correctly stated residence. This is, to my mind, a mere inconsequential defect, not in any wise likely to defraud, deceive or mislead. It does not justify invalidation of the designating petition.